# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
      )
    Plaintiff,      )
      )
v.      )    Cr. ID Nos.  1704004125B
      )             1704004056
ALLEN J. PRICE, a.k.a. ALLEN      )
PRINCE,      )
      )
    Defendant.      )

Submitted: September 4, 2019
Decided: December 20, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED.

Anna Currier, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Allen J. Price, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

PARKER, Commissioner

This 20th day of December 2019, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1. On July 10, 2017, Defendant Allen J. Price was indicted on multiple drug and weapons offenses.[1]

2. Price was eligible to be sentenced as a habitual offender. He was facing at least a 34-year minimum-mandatory sentence and a possibility of life sentences if convicted of the indicted charges at trial.

3. On May 22, 2018, Price entered into a guilty plea to two counts in the indictment: Tier 4 Drug Dealing, a Class B felony, and Possession of a Firearm by a Person Prohibited ("PFBPP"), a Class C felony. All remaining counts of the indictment were dismissed as part of the plea.

4. As part of the plea agreement, the parties agreed that the State would recommend a sentence of a total of forty years of Level V incarceration (twenty-five years for Drug Dealing and fifteen years for PFBPP), suspended after a total of twelve years minimum-mandatory Level V incarceration (two years for Drug Dealing and ten years for PFBPP), followed by decreasing levels of supervision.

---

[1] Price's person prohibited offenses were severed from the other charges. His person prohibited charges were assigned case number 1704004125B, and the other charges were assigned case number 1704004056.

1

5. As part of the plea, the State agreed to not to seek enhanced sentencing as a habitual offender.

6. Following the entry of Price's guilty plea, Price was immediately sentenced to the parties agreed upon recommended sentence.

7. On direct appeal, the Delaware Supreme Court affirmed the judgment of the Superior Court.[2]

8. On August 10, 2018, Price filed a motion for sentence modification, which was denied by the Superior Court by Order dated October 4, 2018. In denying the motion, the Superior Court held that the sentence was appropriate for all the reasons stated at the time of sentencing.[3]

## FACTS

9. In the spring of 2017, multiple law enforcement agencies, including the Delaware State Police ("DSP") and the Federal Drug Enforcement Administration ("DEA") were conducting a drug investigation into Marshall L. Person.[4]

10. On March 7, 2017, an undercover drug transaction was arranged with Person. Price drove Person to the predetermined location for the undercover drug

---

[2] *Price v. State,* 2018 WL 6595331 (Del.).
[3] As to Criminal ID No. 1704004056, See Superior Court Docket Nos. 47 (Motion) and 49 (Order denying motion).
As to Criminal ID No. 1704004125B, See Superior Court Docket Nos. 12 (Motion) and 14 (Order denying motion).
[4] See, Affidavit of Probable Cause and police reports.

2

transaction. Person accompanied by Price sold 9.1 grams of heroin to the undercover officer in exchange for $2000.

11.     Another undercover drug transaction was arranged to take place on or about April 6, 2017. On that date, the police observed Price carrying a plastic bag under his arm, entering his vehicle, driving to Person's residence, and observed Person getting into Price's vehicle. The police then arrested both Price and Person.[5]

12.     Following Price's arrest, he was found to be in possession of a black bag containing 17.5 logs of heroin, a cell phone and a large amount of U.S. currency. Officers then secured a search warrant for Price's vehicle and found an additional 22.5 logs of heroin. In total, 36.4 grams of heroin was found on Price's person and vehicle.[6]

13.     Officers subsequently executed search warrants at Price's residence and his ex-girlfriend's home. At Price's residence, officers recovered a Sig Sauer .45-caliber handgun loaded with eight rounds of ammunition, numerous plastic baggies commonly used to package heroin, and documentation bearing Price's name. At Price's ex-girlfriend's residence, officers recovered a S&W 9mm firearm loaded

---

[5] Affidavit of Probable Cause and police reports; April 25, 2017 Preliminary Hearing, at pgs. 6-11.

[6] April 25, 2017 Preliminary Hearing, at pgs. 9-11.

3

with 10 rounds of ammunition, a box containing additional rounds of ammunition, and additional documents bearing Price's name.[7]

## PRICE'S RULE 61 MOTION

14. Price filed the subject Rule 61 motion on May 9, 2019. In the subject motion, Price raises two claims: 1) counsel was ineffective for failing to file a motion to suppress the search warrants for the two residences; and 2) the sentence on the drug dealing charge was illegal.

15. Price also filed a motion for the appointment of counsel. By Order dated June 10, 2019, Price's motion for the appointment of counsel was denied and a briefing schedule was established for the briefing of this motion.[8]

16. The record was enlarged and Price's trial counsel was directed to submit an Affidavit responding to Price's ineffective assistance of counsel claims. Thereafter, the State filed a response to the motion and Price filed a reply thereto.[9]

### Price's Illegal Sentence Claim

17. Turning first to Price's claim that his sentence on the drug dealing charge was illegal, it is first noted that an illegal-sentence claim is not a cognizable claim in a Rule 61 motion for postconviction relief.

---

[7] See, May 16, 2017 Preliminary Hearing Transcript.
[8] As to Criminal ID No. 1704004056, See Superior Court Docket No. 53.
As to Criminal ID No. 1704004125B, See Superior Court Docket No. 21.
[9] Super.Ct.Crim.R. 61(g).

18. A Rule 61 motion is only available to those seeking to set aside a judgment of conviction or a sentence of death, and only where there is a sufficient factual and legal basis for a collateral attack on the conviction or capital sentence.[10] An illegal-sentence claim, which seeks to attack the sentence but does not seek to set aside the underlying conviction, is outside the scope of a Rule 61 motion.

19. An illegal-sentence claim is to be raised in a Rule 35 motion, not in a Rule 61 motion. Price did file a Rule 35 motion. That motion was denied. The Superior Court held that Price's sentence was appropriate and proper in all respects.

20. Second, if this claim was cognizable in a Rule 61 motion, the fact that the sentence was already held to be appropriate and proper in all respects in a prior postconviction motion, would operate as a procedural bar to the adjudication of this claim in this motion.[11]

21. Third, Price accepted the plea agreement, which provided for a recommended two-year minimum-mandatory sentence on the drug dealing charge. Price cannot now attempt to revise/change the terms of his plea agreement. The plea agreement was negotiated between the parties and both parties are bound by its terms.

---

[10] See, Superior Court Criminal Rule 61(a)(1).
[11] See, Superior Court Criminal Rule 61(i)(4).

5

22. Fourth, the two-year minimum-mandatory sentence on the drug dealing charge is not illegal or improper in any respect. A sentence is legal if it is within the statutory limits prescribed by the General Assembly.[12] For drug dealing in a Tier 4 quantity, a Class B violent felony, the statutorily authorized range of penalties is 2 to 25 years in prison, and the two years is a minimum mandatory sentence.[13]

23. Price's two-year minimum mandatory sentence on the drug dealing conviction was authorized by law, was agreed to by Price, and was already held by the Superior Court in a previously decided Rule 35 motion as being appropriate and proper in all respects.

24. Price's claim that his sentence on the drug dealing conviction is illegal is not a cognizable Rule 61 claim, and even if it were, it would be procedurally barred and otherwise without merit.

## Price's Ineffective Assistance of Counsel Claim

25. Turning to Price's second claim, that his counsel was ineffective for failing to file a motion to suppress the search warrants for the two residences, Price waived this claim upon the entry of his guilty plea, and it is also without merit.

---

[12] *Weston v. State,* 832 A.2d 742, 746 (Del. 2003).
[13] 11 *Del.C.* § 4205(b)(2).

26. A defendant is bound by his answers on the plea form and by his testimony at the plea colloquy in the absence of clear and convincing evidence to the contrary.[14] In the subject action, the Truth-in-Sentencing Guilty Plea Form, Plea Agreement and plea colloquy reveal that Price knowingly, voluntarily and intelligently entered a guilty plea to the two charges for which he pled guilty and was sentenced.

27. At the time of the plea, Price's counsel represented that Price understood he was facing the imposition on a minimum-mandatory sentence of 12 years, but understood that by accepting the plea, the State agreed to waive its ability to have Price declared a habitual offender, which would have significantly enhanced his sentence exposure.[15] If declared a habitual offender, Price was facing a minimum mandatory sentence of at least 34 years.[16]

28. At the time of the plea, Price personally represented that he had reviewed the plea agreement and Truth-in-Sentencing Guilty Plea Form with counsel, that they discussed any and all questions, issues and concerns, and that all issues were addressed to his satisfaction.[17] Price represented that nobody was forcing him to enter his plea.[18] Price represented that he was freely and voluntarily pleading guilty

---

[14] *Evans v. State*, 2016 WL 6196456 (Del.); *State v. Harden*, 1998 WL 735879, *5 (Del.Super.); *State v. Stuart*, 2008 WL 4868658, *3 (Del.Super.).
[15] May 22, 2018 Plea Transcript, at pg. 4.
[16] May 22, 2018 Plea Transcript, at pg. 5.
[17] May 22, 2018 Plea Transcript, at pgs. 5-7.
[18] May 22, 2018 Plea Transcript, at pg. 8.

to the drug dealing and PFBPP charges comprising the plea agreement.[19] Price represented that he was not being threatened or forced to do so by his attorney, by the State, or by anyone else.[20]

29. During the plea colloquy and in the Truth-in-Sentencing Guilty Plea Form, Price represented that he understood he was waiving all of his constitutional rights associated with taking a plea, including the right to challenge the State's witnesses, the State's evidence, and the right to raise any defenses thereto.[21]

30. Price represented that he was satisfied with his counsel's representation, that his counsel fully advised him of his rights, and that he understood the consequences of entering into his guilty plea.[22]

31. As confirmed by the plea colloquy, Plea Agreement and Truth-in-Sentencing Guilty Plea Form, Price entered his plea knowingly, intelligently and voluntarily.

32. Since Price's plea was entered into voluntarily, intelligently and knowingly, Price waived his right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of his plea, even those of constitutional proportions.[23]

---

[19] May 22, 2018 Plea Transcript, at *9-10.

[20] May 22, 2018 Plea Transcript, at pgs. 5-8; Truth-in-Sentencing Guilty Plea Form dated May 22, 2018.

[21] May 22, 2018 Plea Transcript, at pgs. 5-8; Truth-in-Sentencing Guilty Plea Form dated May 22, 2018.

[22] May 22, 2018 Plea Transcript, at *6-11; Truth-in-Sentencing Guilty Plea Form dated May 22, 2018.

[23] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Modjica v. State*, 2009 WL 2426675 (Del. 2009); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2004).

33.	Price's claim presented herein, that his counsel was ineffective for failing to file a suppression motion, was waived when Price voluntarily entered into his guilty plea.[24]

34.	In addition to Price's suppression claim having been waived, it is also without merit.

35.	Price claims that his counsel was ineffective for not filing a suppression motion based on stale information contained in the search warrants for the two residences. Price's trial counsel, in his Affidavit in response to Price's Rule 61 motion, explained that he did not file a suppression motion because he did not believe there was any meritorious basis to do so.[25]

36.	Price fails to articulate any facts or allegations to support his claim. Police officers positively identified Price as the driver of the vehicle during Person's first controlled drug transaction on March 7, 2017. On April 6, 2017, officers were aware through their continued investigation that Price used his vehicle to transport suspected drugs to Person's residence. Moreover, at the time of his arrest on April 6, 2017, Price was found to be in possession of over 36 grams of heroin.

---

[24] See, *Mills v. State,* 2016 WL 97494, at *3 (Del.); *Day v. State,* 2011 WL 3617797 (Del.) (claim that counsel was ineffective for failing to file a suppression motion was waived when defendant voluntarily entered his guilty plea, since voluntary guilty plea waives any claims of error occurring prior to the entry of the plea); *Hickman v. State,* 1994 WL 590495 (Del.).
[25] In Criminal ID No. 1704004056, Superior Court Docket No. 54, Affidavit of Trial Counsel in response to Price's Rule 61 motion.

37. Price's counsel described the evidence against Price as "overwhelming", and believed that the law enforcement observations, coupled with the large quantity of heroin found in his possession at the time of his arrest, provided adequate probable cause for the issuance of all search warrants.[26]

38. In order to prevail on an ineffective assistance of counsel claim, the defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[27] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires him to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[28]

39. In the context of a plea challenge, it is not sufficient for the defendant to simply claim that his counsel was deficient. The defendant must also establish that counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's deficiencies, the defendant would not have taken a plea but would have

---

[26] In Criminal ID No. 1704004056, Superior Court Docket No. 54, Affidavit of Trial Counsel in response to Price's Rule 61 motion.

[27] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

[28] *Id.* at 687-88, 694.

10

insisted on going to trial.[29] Mere allegations of ineffectiveness will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[30]

40. The United States Supreme Court has reiterated the high bar that must be surmounted to prevail on an ineffective assistance of counsel claim.[31] The United States Supreme Court cautioned that in reviewing ineffective assistance of counsel claims in the context of a plea bargain, the court must be mindful of the fact that "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks."[32]

41. An ineffective assistance of counsel claim based on the failure to object to evidence is without merit if trial counsel lacked a legal or factual basis to object to the evidence.[33] Counsel did not file a motion to suppress in this case because he did not believe he had any good faith basis to do so. Trial counsel cannot be deemed ineffective for failing to file a motion to suppress, when there was no basis to support

---

[29] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997); *Premo v. Moore*, 131 S.Ct. 733, 739-744 (2011).
[30] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[31] *Premo v. Moore*, 131 S.Ct. 733, 739-744 (2011).
[32] *Id.*, at pg. 741.
[33] *State v. Exum*, 2002 WL 100576, at *2 (Del.Super.), *affirmed*, 2002 WL 2017230, at *1 (Del.).

such a motion. Conclusory, unsupported and unsubstantiated allegations are insufficient to establish a claim of ineffective assistance of counsel.[34]

42. Instead of focusing on a suppression motion, which trial counsel believed lacked a factual and legal basis, trial counsel believed that the focus should be placed on plea negotiations. Ultimately, trial counsel was able to negotiate a non-habitual sentence recommendation for Price and Price was sentenced to the 12-year minimum mandatory penalty for the two charges comprising the plea agreement.

43. Price's plea represented a rational choice given the pending charges, the evidence against him, and the possible sentences he was facing if convicted at trial. Price received a significant benefit by pleading guilty. He was facing at least a 34-year minimum-mandatory sentence up to multiple life sentences, if convicted at trial. By entering into the plea, Price was sentenced to a twelve-year minimum-mandatory sentence of unsuspended prison time.

44. Price cannot establish that trial counsel's conduct was deficient in any regard, that his legal advice fell below any objective standard of care, or that Price suffered any actual prejudice as a result thereof.

---

[34] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990); *State v. Brown*, 2004 WL 74506, *2 (Del.Super. 2004) (conclusory and unsubstantiated allegations of unprofessional conduct are insufficient to support a motion for postconviction relief).

45. Price's ineffective assistance of counsel claim for failing to file a suppression motion was waived when Price voluntarily entered into his guilty plea. The claim is also without merit.

For all of the foregoing reasons, Price's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Lynne M. Parker

cc:    Prothonotary
Peter W. Veith, Esquire

13